IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03082-BNB

DILLION MOHRBUTTER,

    Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 7 2011

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Dillion Mohrbutter, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont, Colorado, Correctional Facility. Mr. Mohrbutter, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the Application liberally because Mr. Mohrbutter is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Mohrbutter will be ordered to file an Amended Application.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Mohrbutter go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. **See Ruark v.**

*Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Mohrbutter must allege both the claims he seeks to raise and the specific facts to support each asserted claim. The Court has reviewed the Application Mr. Mohrbutter submitted to the Court and finds that it is deficient. Mr. Mohrbutter fails to assert a statement of the claims he intends to raise in this Court on Pages Five and Six of the Court habeas form.

The Amended Application must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Mr. Mohrbutter's answers to the questions on the Court-approved form are incomplete and nonresponsive. Furthermore, his claims for relief are unintelligible. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Mohrbutter file an Amended Application that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Mohrbutter, together with a copy of this Order, two copies 28 U.S.C. § 2254 Court-approved form, and only one of the copies is to be completed and submitted to the Court. It is

FURTHER ORDERED that if Mr. Mohrbutter fails within the time allowed to file an Amended Application as directed, the action will be dismissed without further notice.

DATED February 7, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-03082-BNB

Dillion M. Mohrbutter
Prisoner No. 130639
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 form** to the above-named individuals on February 7, 2011.


                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                            Deputy Clerk