FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 18 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03082-BNB

DILLION MOHRBUTTER

    Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER TO DISMISS

---

### I. Background

    Applicant, Dillion Mohrbutter, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Mohrbutter, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order entered on March 14, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On March 24, 2011, Respondents filed a Pre-Answer Response. Mr. Mohrbutter filed what appears to be a Reply on March 25, 2011.

Although Mr. Mohrbutter's answers to the questions in the Court-approved form used in filing a § 2254 action are incomplete and nonresponsive, Mr. Mohrbutter appears to challenge actions in State of Colorado Criminal Case No. 09CR396, see Doc. No. 12 at 1, in which he was sentenced to a three-year probation on February 23, 2009, for attempted theft, Resp. App. A (Doc. No. 15-1) at 2. Subsequently, Mr. Mohrbutter's sentence was revoked on July 17, 2009, and he was placed on Intensive Supervision Probation. He then admitted a violation of probation stemming from a traffic offense and was sentenced to two years in community corrections on February 5, 2010. Finally, on March 22, 2010, Mr. Mohrbutter's community corrections sentence was converted to a two-year sentence based on the initiation of a new criminal charge in Case No. 10CR588. Mr. Mohrbutter filed one Rule 35(c) postconviction motion on February 5, 2010, challenging his community corrections sentence, which was denied on February 8, 2010. He, however, did not appeal the denial of the Rule 35(c) motion or the resentencing proceedings.

Mr. Mohrbutter asserts that he is innocent, he did not understand his criminal proceeding, and he was denied his right to file an appeal. Mr. Mohrbutter also contends that he has difficulty writing and has a disorder that renders him delusional.

Respondents assert that Mr. Mohrbutter's Application is untimely under 28 U.S.C. § 2244(d). Pre-Answer Resp. at 5. Respondents contend that Mr. Mohrbutter's conviction and sentence became final on April 9, 2009, when the forty-five days allowed to appeal his conviction and initial sentence expired. Respondents further contend that for purposes of § 2244(d)(1)(A) Mr. Mohrbutter had until April 9, 2010, absent tolling, to file a § 2254 application, and because he only had a Rule 35(c) postconviction motion

pending for four days of that time the one-year dead-line expired on April 13, 2010.

II. Analysis

The Court must liberally construe Mr. Mohrbutter's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

A. Time Bar/28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court finds that Respondents' argument is correct if Mr. Mohrbutter is challenging his original sentence or his probation revocation and resentencing on July 17, 2009. However, it is not clear that Mr. Mohrbutter is attempting to challenge his original sentence or first revocation and resentencing. If Mr. Mohrbutter is challenging either his February 5 resentencing or his March 22 resentencing, his claims may not be time-barred under § 2244(d).

B. State-Court Exhaustion

Mr. Mohrbutter, however, has failed to exhaust his state court remedies with respect to his February 5 and March 22 resentencing proceedings. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*,

11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Mohrbutter's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to Mr. Mohrbutter's claims as they may apply to his violation of probation and resentencing on February 5, 2010. *Id.* The Court, therefore, agrees that Mr. Mohrbutter has procedurally defaulted his innocence and denial of appeal claims if he is challenging his February 5 resentencing. Mr. Mohrbutter also has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice with respect to any challenges to the February 5 resentencing.

To the extent Mr. Mohrbutter is challenging his most recent resentencing on March 22, 2010, it appears he has postconviction remedies available and has not procedurally defaulted these remedies. The Court, therefore, will dismiss any claims Mr. Mohrbutter is asserting with respect to the March 22 resentencing as unexhausted. Mr. Mohrbutter is instructed that the time the instant action was pending in this Court does not toll the time under 28 U.S.C. § 2244(d). *See Duncan v. Walker*, 533 U.S. 167,

181-82 (2001).

III. Conclusion

Based on the above findings, it is

ORDERED that the Application is denied and the action is dismissed. It is

FURTHER ORDERED that to the extent Mr. Mohrbutter is challenging his original sentence entered on February 23, 2009, and his revocation of probation and resentence on July 17, 2009, the challenge is time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that to the extent Mr. Mohrbutter is challenging his revocation of probation and resentence on February 5, 2010, the challenge is procedurally barred. It is

FURTHER ORDERED that to the extent Mr. Mohrbutter is challenging his resentence on March 22, 2010, the challenge is denied for failure to exhaust state-court remedies. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Stevens has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

DATED at Denver, Colorado, this __18th__ day of ___April___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-03082-BNB

Dillion Mohrbutter
Prisoner No. 130639
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215- 0999

     I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 18, 2011.

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                              Deputy Clerk